UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YASSER AHMED, #123251,

        Petitioner,

vs.

        Case No. 12-CV-13963

        HON. GEORGE CARAM STEEH

DIRECTOR, BUREAU OF
IMMIGRATION AND CUSTOMS
ENFORCEMENT,

        Respondent.
_____/

## ORDER DENYING REQUEST FOR RECONSIDERATION (DOC. # 4)

In September 2012, this court dismissed what was docketed by the clerk's office as Mr. Ahmed's immigration habeas corpus petition, for failure to meet basic pleading requirements under Fed. R. Civ. P. 8 and because this court has no jurisdiction to review an order of removal.

Mr. Ahmed then wrote a second letter to the court, requesting reconsideration of the earlier order "& or advice from the Courts for the proper actions I should take in order to see results in my situation." Petitioner (1) asserts that when he pled guilty to a misdemeanor in 2009, his lawyer advised him that it would not affect his immigration status; (2) questions why his I-130 petition form was approved in February 2010 if he was subject to deportation on the basis of the misdemeanor conviction; (3) questions why, after he missed a court date in December 2011 and was advised he had 180 days to show cause for his absence, he was pulled over and arrested within that 180 day period.

While the court is sympathetic to Mr. Ahmed's plight, his correspondence does not affect the court's earlier determination of this issue. Local Rule 7.1(g)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> [M]otions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

E.D. Mich. L.R. 7.1(g)(3). Petitioner has failed to demonstrate a palpable defect by which this court has been misled, the correction of which will result in a different disposition of this case.

This court does not have jurisdiction over habeas challenges to an order of removal. Muka v. Baker, 559 F.3d 480, 483 (6th Cir. 2009). As stated in the court's initial order, a petition for review in the appropriate court of appeals is the sole means for judicial review of an order of removal. See 8 U.S.C. §§ 1252(a)(5), 1252(b)(9).

Accordingly, petitioner's motion for reconsideration is DENIED.

**IT IS SO ORDERED**.

Dated: April 17, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 17, 2013, by electronic and/or ordinary mail and also on Yasser Ahmed #123251, 1170 Michigan Road, Port Huron, MI 48060.

s/Barbara Radke
Deputy Clerk